Plaintiff's motion for reconsideration was filed on 25 March 1999. Shortly thereafter, Commissioner Scott became unavailable because of illness for an extended period. Accordingly, this matter was forwarded to the then current Chairman, who has since retired. It has now been brought to the panel's attention that this motion was not ruled upon and remains outstanding.
The Full Commission has now reviewed the prior Opinion and Award and Plaintiff's Motion based upon the record of the proceedings before Deputy Commissioner George T. Glenn, II. Plaintiff has shown good ground in support of his motion, which is hereby GRANTED. Pursuant to this motion, Findings of Fact (16) and (17) and Conclusion of Law (2) have been deleted, with the remaining portions of the Full Commission's prior Opinion and Award remaining unchanged.
***********
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties in an Pre-Trial Agreement as and at the hearing on 2 October 1996 as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission, which has jurisdiction over the parties and the subject matter of this claim. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employer-employee relationship existed between defendant-employer and plaintiff-employee at all relevant times herein.
3. Travelers was the workers' compensation insurance carrier on risk at all relevant times herein.
4. Plaintiff's average weekly wages will be determined from a Form 22 to be provided by defendants.
5. Plaintiff was out of work from 30 October 1995 through the middle of March, 1996.
6. That the issues to be determined from this hearing are as follows:
a) Did plaintiff sustained an injury by accident on 30 October 1995 while in the course and scope of his employment with defendant-employer?
b) If so, to what if any benefits is plaintiff entitled to receive as a result of said injury by accident?
7. At the completion of the lay testimony at the hearing on 2 October 1996, the parties stipulated, with Deputy Commissioner Glenn's approval, that the case would be bifurcated in order to decide the compensability of the injury, with the issues of causation, medical treatment and disability reserved for hearing after the taking of medical evidence.
***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows:
 FINDINGS OF FACT
1. At the time of hearing on 2 October 1996, plaintiff was a forty-year-old man with a high school education.
2. Plaintiff was employed by defendant-employer whose business was to install lines of telephone cable. In this position, plaintiff operated heavy equipment and performed various types of manual labor.
3. Defendant-employer's company is based in Greensboro, North Carolina. However, plaintiff worked on the out-of-town crew, and as a part of his employment he was required to travel away from home to perform his duties.
4. When an employee's work necessitated travel or an overnight stay, defendant-employer would reimburse expenses for lodging and meals. It was defendant-employer's practice for employee's to pay for their lodging and meals "up front," with reimbursement upon their return. For a week of overnight stays related to work, each employee would be reimbursed approximately $250.00, regardless of the actual expenses.
5. This practice of reimbursement by defendant-employer created the incentive for its employees to restrict their own expenses to an amount less than $250.00 so that they could receive back the difference upon their return. One method used by employees to reduce their own expenses was to share motel or hotel rooms while working out of town. Defendant-employer was aware of this common practice by its employees. In fact, plaintiff's supervisor, Mr. John Allen, participated in this practice by handling plaintiff's travel expenses and reimbursements.
6. On 30 October 1995, plaintiff was working in Charleston, South Carolina, along with Mr. Allen and other co-employees. According to their normal practice, while working in Charleston, plaintiff was sharing a motel a room, on this occasion with Mr. Allen.
7. After work on 30 October 1995, plaintiff had approximately one drink of liquor and Mr. Allen had several drinks while they watched television in their motel room and prepared for sleep. Plaintiff did not notice any changes in Mr. Allen's behavior after he had consumed the drinks.
8. As plaintiff was lying in bed, nearly asleep, Mr. Allen attacked him without warning. Mr. Allen beat plaintiff about the head and face with the butt of a pistol. While he was beating him, Mr. Allen shouted at plaintiff, accusing plaintiff of killing plaintiff's own son.
9. Mr. Allen then placed the gun to plaintiff's head and pulled the trigger. The gun not did discharge, and plaintiff was able to escape. Plaintiff went to the motel office for help and the police were called.
10. Following the attack, plaintiff was taken to the hospital in Charleston were he received approximately thirty stitches in the back of his head. His right eye was almost swollen shut, and later turned black and blue. He had three wounds in the back of his head and one between his eyes. Approximately three weeks after the incident, plaintiff began to experience other symptoms and was examined at Moses Cone Hospital in Greensboro and referred to a neurologist. However, defendants have refused to authorize payment for this treatment and plaintiff is without the means to pay for this further treatment on his own. There is insufficient evidence in the record to determine the medical expenses for which defendants may be liable.
11. Before this incident plaintiff had not detected any animosity between himself and Mr. Allen and knows of no reason why Mr. Allen would have attacked him. During the attack, nothing Mr. Allen said to plaintiff made sense and Mr. Allen did not know what he was doing. After the attack, Mr. Allen has contacted plaintiff and told him that he did not know why he had attacked him and apologized.
12. The attack on 30 October 1995 was not motivated by any dispute or conflict between plaintiff and Mr. Allen, either related or not related to their employment with defendant-employer. The attack apparently resulted from an irrational delusion, the cause of which is unknown.
13. Because plaintiff's employment required him to stay overnight in motels, the attack on 30 October 1995 occurred while plaintiff was in the course and scope of his employment with defendant-employer.
14. Because the circumstances of the attack on 30 October 1995 resulted from the necessity of staying overnights in motels and from the known and accepted practice of employees sharing rooms, plaintiff's injury arose out of his employment with defendant-employer.
15. On 30 October 1995, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer.
***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. As a traveling employee, plaintiff was within the course and scope of his employment continuously while on the trip and his accidental injury was a natural and probable result of risks associated with his job. As such, on 30 October 1995, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer. G.S. § 97-2(6).
2. As the result of his 30 October 1995 injury by accident, plaintiff is entitled to have defendants pay for all related medical expenses. G.S. § 97-25. There is, however, insufficient evidence upon which to determine which medical expenses are related to the compensable injury by accident. Id.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission modifies and affirms the holding of the Deputy Commissioner and enters the following:
 ORDER
1. This matter is hereby REMANDED to a Deputy Commissioner for the taking of additional lay and medical evidence regarding the compensable consequences from the injury by accident plaintiff sustained on 30 October 1995. Upon remand, the Deputy Commissioner shall determine the following: (a) what periods plaintiff was unable to earn wages as the result of his injury by accident and to what compensation, if any, is he entitled to, and; (2) what medical expenses plaintiff is entitled to have defendants pay for.
2. Defendants shall pay the costs of this action.
S/_____________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
S/_____________ BERNADINE S. BALLANCE COMMISSIONER
S/_____________ RENEE C. RIGGSBEE COMMISSIONER